UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EMORY REIGNZ,

    Plaintiff,

vs.

MATTHEW J. FREEMAN;
KENNETH JONES;
UNIVERSAL PROTECTION
SERVICE LLC; MICHAEL
BALDPOQUIN; SANDRO
RAMERO; RUY LOPEZ;
ORANGE COUNTY,
FLORIDA; M. GALAN; and
JOHN W. MINA,

    Defendants.

Case No.
6:25-cv-1450-WWB-RMN

## ORDER

    This matter is before the Court on a review of the docket. On August 13, 2025, Plaintiff filed a notice of subpoena, attaching a subpoena directed to the Orange County Sherrif's Office. Dkt. 27.

    This notice is improper in at least two ways. First, discovery materials are filed with the Court only in limited circumstances, including if ordered by the Court, if necessary to the presentation or defense of a motion, or if required by law or rule. So, the notice and subpoena should not have been placed on the docket.

Second, the subpoena is unauthorized. Federal Rule of Civil Procedure 26(d)(1) provides that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Because this is not a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) and none of the listed exceptions apply here, the noticed discovery is unauthorized. The subpoena is therefore due to be quashed.

Accordingly, it is **ORDERED**:

1. The Clerk is directed to strike the Notice (Dkt. 27);

2. The subpoena dated August 13, 2025, directed to the Orange County Sheriff's Office is **QUASHED**; and

3. Plaintiff is directed to notify the Orange County Sheriff's Office, if the subpoena has been served, that the subpoena has been quashed.

**DONE** and **ORDERED** in Orlando, Florida, on August 13, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Emory Reignz
11954 Narcoosee Road, Ste. 2-546
Orlando, Florida 32832