UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EMORY REIGNZ,

    Plaintiff,

vs.

MATTHEW J. FREEMAN; KENNETH JONES; UNIVERSAL PROTECTION SERVICE LLC; MICHAEL BALDPOQUIN; SANDRO RAMERO; RUY LOPEZ; ORANGE COUNTY, FLORIDA; M. GALAN; and JOHN W. MINA,

    Defendants.

Case No. 6:25-cv-1450-WWB-RMN

## ORDER

This matter is before the Court without oral argument on a motion for leave to file electronically (Dkt. 6), filed by Plaintiff on July 30, 2025.

The motion is denied for two reasons. First, Local Rule 3.01(a) requires that every motion "include—in a single document no longer than twenty-five pages inclusive of all parts—a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request." The motion does

not include a legal memorandum and so does not comply with the requirements of Local Rule 3.01(a).

Second, "[p]ro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *Huminski v. Vermont*, No. 2:13-cv-692, 2014 WL 169848, *4 (M.D. Fla. Jan. 15, 2014); *see also McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (affirming denial of CM/ECF access for pro se litigants). No extenuating circumstances have been shown here. Though Plaintiff states that is has "disabilities that are not readily observable," she does not identify her disabilities or explain why she cannot present her filings to the Clerk of Court in person or using the postal service.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to file electronically (Dkt. 6) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on August 13, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Emory Reignz
11954 Narcoosee Road, Ste. 2-546
Orlando, Florida 32832

- 2 -