UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EMORY REIGNZ,

    Plaintiff,

vs.

MATTHEW J. FREEMAN;
KENNETH JONES;
UNIVERSAL PROTECTION
SERVICE LLC; MICHAEL
BALDPOQUIN; SANDRO
RAMERO; RUY LOPEZ;
ORANGE COUNTY,
FLORIDA; M. GALAN; and
JOHN W. MINA,

    Defendants.

Case No.
6:25-cv-1450-WWB-RMN

# ORDER

    This matter is before the Court without oral argument on a motion for expedited discovery (Dkt. 7) filed by Plaintiff on July 30, 2025.[1] Plaintiff asks for an order permitting her to propound

---

[1] Plaintiff stated in its title that the motion was an emergency. It is not. Local Rule 3.01(e) imposes additional requirements on motions designated by a party seeking emergency or time-sensitive relief. The motion does not comply with those requirements. The rule also cautions parties that the "unwarranted designation of a motion as an emergency can result in a sanction." Local Rule 3.01(e).

undisclosed discovery requests against Orange County, the Orange County Sheriff's Office, and Universal Protection Service LLC ("Universal Protection") to ascertain the identity of an individual employed by Universal Protection and preserve video recordings of the Orange County courthouse. *See id.*

Federal Rule of Civil Procedure 26(d)(1) provides that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." "Pursuant to Rule 26(d) and (f), federal courts in their discretion may allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where 'good cause' for such discovery is shown." *Friends of the Everglades, Inc. v. Noem*, No. 1:25-cv-22896, 2025 WL 2253243, at *1 (S.D. Fla. July 28, 2025) (quoting *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 615 (S.D. Fla. 2019)). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)).

Plaintiff has not shown good cause. Since filing the motion, Plaintiff has learned the name of the Universal Protection employee and filed a second amended complaint naming that individual. She therefore no longer requires expedited discovery for that purpose.

Nor is expedited discovery required to preserve evidence. Every party to federal litigation must preserve evidence once the party has notice the evidence is relevant to litigation or when it should have known the evidence may be relevant to future litigation. *See, e.g.*, *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001). "[A]nyone who anticipates being a party or is a party to a lawsuit must not destroy unique, relevant evidence that might be useful to an adversary." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003). And though "a litigant is under no duty to keep or retain every document in its possession . . ., it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request." *Id.* Consequently, Defendants have had a duty to preserve the videos recordings since process was served and, perhaps, before then.

The predicted volume of recordings also does not establish good cause for at least two reasons. First, at this stage of the proceeding, the potential number and length of video recordings is speculative. Second, the availability, number, and length of video recordings maintained by Defendants is an issue the parties can and should discuss at the required Rule 26(f) conference and, if necessary, address in the schedule proposed in the case management report.

Accordingly, it is **ORDERED** that Plaintiff's motion for expedited discovery (Dkt. 7) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on August 14, 2025.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies to:

Emory Reignz
11954 Narcoosee Road, Ste. 2-546
Orlando, Florida 32832